**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10317 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00464-JAM-1 |
| v. | |
| OSBALDO OSWALDO SARABIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted July 13, 2011
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN, District Judge.[**]

Osbaldo Sarabia appeals the district court's decision denying his motion to

suppress evidence found in his vehicle and request for evidentiary hearing. We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for Northern Texas, Dallas, sitting by designation.

The district court did not err in finding that the agents had probable cause to search Sarabia's vehicle. An officer has probable cause to conduct a warrantless search of a vehicle when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in the vehicle, *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010), and the vehicle is readily mobile, *United States v. Davis*, 530 F.3d 1069, 1084 (9th Cir. 2008). The "fair probability" inquiry is a "commonsense, practical question," which includes reasonable inferences. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (internal quotation marks omitted); *see also Davis*, 530 F.3d at 1084. When considering whether an informant's tip is sufficient to support a finding of probable cause, the court must employ a totality of the circumstances approach that takes into consideration the informant's veracity or reliability and his basis of knowledge. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

Sarabia contends that the agents lacked probable cause to conduct a warrantless search of his vehicle because they based the probable cause determination largely on information provided by a confidential informant, recently arrested in possession of a large quantity of drugs. However, the confidential informant implicated himself when he described a history of drug dealing transactions with Sarabia, *United States v. Patayan Soriano*, 361 F.3d 494,

505 (9th Cir. 2004) (holding reliability of a criminal informant may be demonstrated by an admission against his penal interest), and the police independently corroborated information the confidential informant provided, *United States v. Angulo-Lopez*, 791 F.2d 1394, 1397-98 (9th Cir. 1986). Based on such indicia of reliability and a phone conversation between Sarabia and the confidential informant monitored by an agent, which the affidavit of the agent logically interpreted as being related to a drug transaction, it was reasonable for the agents to infer that contraband would be found in Sarabia's vehicle.

Sarabia also argues that the district court abused its discretion in denying Sarabia's request for an evidentiary hearing on the interpretation of the phone calls between the confidential informant and Sarabia, and the details of the confidential informant's discussions with the agents. However, Sarabia showed no contested issues of fact and only provided conclusory reasons in support of having an evidentiary hearing, thus demonstrating only a desire to cross-examine the agents. *Franks v. Delaware*, 438 U.S. 154, 171 (1978) (holding "the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine"). Sarabia did not "allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Therefore,

the district court did not abuse its discretion in denying Sarabia's request for an evidentiary hearing.

**AFFIRMED.**